UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Doe

_____

Write the full name of each plaintiff.

-against-

The Mount Sinai Hospital

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☒ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

┌─────────────────────────────────────────────────────────────────┐

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

└─────────────────────────────────────────────────────────────────┘

## I.     PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Jane | | Doe |
|------|------|------|
| First Name | Middle Initial | Last Name |

| PO Box 728211 |
|---|
| Street Address |

| Queens, Jackson Heights | New York | 11372 |
|---|---|---|
| County, City | State | Zip Code |

| | taas390@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| The Mount Sinai Hospital |
|---|
| Name |
| One Gustave L Levy Place Box 1099 |
| Address where defendant may be served |

| New York, New York | New York | 10029 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| |
|---|
| Name |
| |
| Address where defendant may be served |

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.  PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

The Mount Sinai Hospital
_____
Name
  One Gustave L Levy Place
_____
Address
New York, New York              New York            10029
_____
County, City                    State              Zip Code

## III.  CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race:          Black
_____

☐ color:         _____

☐ religion:      _____

☐ sex:           _____

☒ national origin:   Canadian
_____

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____Black_____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

(Please find attached)

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

      ☒    Yes (Please attach a copy of the charge to this complaint.)

            When did you file your charge?    3/31/2022

      ☐    No

Have you received a Notice of Right to Sue from the EEOC?

      ☒    Yes (Please attach a copy of the Notice of Right to Sue.)

            What is the date on the Notice?    6/27/2023

            When did you receive the Notice?    4/28/2025

      ☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

      ☐    direct the defendant to hire me

      ☐    direct the defendant to re-employ me

      ☐    direct the defendant to promote me

      ☐    direct the defendant to reasonably accommodate my religion

      ☐    direct the defendant to reasonably accommodate my disability

      ☒    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

I am seeking monetary compensation for constructive discharge, including but not limited to: back pay, front pay, and compensatory damages for emotional distress. I also request the immediate production of all certificates earned during my employment. Additionally, I require a mutual Confidentiality and Non disparagement Agreement, as well as the correction, sealing, and/or redaction of objectively false or misleading information contained in my personnel file.

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 7/25/2025 | | _Jane Doe_ |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Jane | | Doe |
| First Name | Middle Initial | Last Name |
| PO Box 728211 | | |
| Street Address | | |
| Queens, Jackson Heights | New York | 11372 |
| County, City | State | Zip Code |
| | | taas390@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## B. Facts

**Plaintiff's Protected Characteristics and Positions**

Plaintiff, a Black physician and Canadian national, started her medical residency training at The Mount Sinai Hospital. Her PGY-1 Internal Medicine internship, which should have commenced earlier, was delayed due to egregious processing and handling by the Hospital's Office of International Personnel, forcing her start date to July 29, 2019. She then continued her training in Mount Sinai's Neurology Residency Program, commencing PGY-2 on July 29, 2020. This consistent July 29th start date for both programs was a direct result of the H-1B visa processing failures, a fact known to the Hospital. Throughout her entire year in Neurology (July 29, 2020, to July 28, 2021), Plaintiff was the sole visibly Black resident.

**Early Bias (July 2019 & Nov 2019)**

At or around November 2019, while shadowing Michelle Fabian in clinic, Plaintiff was subjected to the insidious reality of systemic bias. She heard Fabian's disparaging remarks, callously describing Black patients as malingering—an accusation never heard from her leveled against non-Black patients. Concurrently, in the staff room, casual references to 'slave work' were made. Residents also sneered at diversity initiatives, openly questioning why they were being promoted and clearly showing their disapproval. A co-resident audaciously described Black individuals as "loud" and "crass," fostering a deeply hostile and discriminatory atmosphere.

**Leadership Change & Targeting (September 2019)**

Just prior to Plaintiff's Neurology commencement, Michelle Fabian usurped Dr. Stephen Krieger's role as Program Director. Dr. Krieger recruited Plaintiff to the program and it was Dr. Krieger's esteemed leadership that drew her to Mount Sinai. Even before Plaintiff began her Neurology rotations, Fabian launched a campaign of targeted harassment, making snide, prejudiced remarks about Plaintiff's Historically Black College and University (HBCU) background, stating, "I'm surprised you did so well." Fabian further asserted, without basis, that Plaintiff should not pursue research during her residency and vehemently opposed it (even later asking her why she would use her elective rotation to do research), hence actively undermining Plaintiff's professional aspirations from the onset.

**Visa-Related Harassment & Unequal Scheduling (February 2020–June 2020)**

In February 2020, Plaintiff explicitly informed Fabian that her neurology start date was legally mandated for July 29 due to her H-1B visa. Despite this clear directive, Fabian relentlessly pressured Plaintiff—through incessant phone calls, emails, and even by leveraging senior residents—to commence on July 1. Fabian brazenly threatened, "we would not have a good working relationship," and maliciously branded Plaintiff "not a team player," and conveyed this message to the senior residents causing hostility from co-residents to Plaintiff. Crucially, both the Plaintiff and a non-Black resident faced delayed start dates due to visa issues. However, Fabian specifically ensured only the Plaintiff's graduation was delayed, which would directly imperil her critical fellowship applications, while the other resident would be permitted to maintain a non-delayed/original end date.

**Relentless Hostile Environment & Overtime Punishment (July 2020–December 2020)**

Commencing July 29, 2020, Plaintiff was plunged into a relentlessly hostile environment. Peers derisively invoked the phrase "only the chosen people" in her presence, while Director Fabian and other attending physicians subjected her to a constant barrage of hostile glares, contemptuous eye-rolls, and belittling comments, often delivered publicly before colleagues. Fabian kept reiterating that it was shocking that Plaintiff was outperforming her peers.

In December 2020, after an over 18-hour shift, her employer was coercing her to complete all consults and tasks rather than adhere to the standard practice of handing off patients. This punitive action stood in stark contrast to other residents on the same rotation, who were routinely relieved on schedule, exposing Plaintiff to discriminatory and unsafe working conditions.

Plaintiff was told by senior residents not to call them overnight for any assistance despite the program touting itself as a supportive learning environment, and  Plaintiff was called in to cover more shifts and given more work as Plaintiff raised concerns of mistreatment and microaggressions.

**National-Origin Coercion & False Allegations (December 2020–May 2021)**

In December 2020, Fabian escalated her discriminatory campaign regarding Plaintiff's Canadian nationality. She then attempted to coerce Plaintiff into rotating at the Veterans Affairs site

without the requisite H-1B authorization, actively proposing illegal workarounds that would have compromised Plaintiff's immigration status.

In early 2021, a coordinated effort to undermine Plaintiff began, with nurses falsely accusing her of delayed responses and writing untrue work statements. Without any investigation or due diligence, Fabian maliciously enshrined these fabricated accusations in Plaintiff's official evaluation—despite pager logs and documentation proving otherwise.

## Pretextual Evaluations & Threats to Expel (April 2021)

In April 2021, Plaintiff sought written corrections to the demonstrably false evaluation errors. Fabian verbally admitted to "double-penalizing" Plaintiff by using incorrect dates and even conceded that some evaluations were "not accurate," yet she never amended the official record.

Despite receiving positive (verbal) feedback from supervising residents, Fabian directly confronted Plaintiff, declaring she "did not belong in [her] program." She also stated that Plaintiff was not socializing with others.

Fabian demanded she "change [her] personality," and "strongly suggested" she pursue another career. This was a direct threat to her professional career. Fabian further threatened Plaintiff with poor evaluations, stating she had the power to do so.

## Sabotaged Research Plans & Fellowship Damage (May 2021–June 2021)

Plaintiff's persistent requests for protected research time (for July 2021 and during PGY-3) were systematically blocked. Her rotation was deliberately mis-scheduled to attempt a July 1 start on three separate occasions—each time falsely attributed to "mistakes"—directly undermining her immigration status and devastating her fellowship prospects.

When Plaintiff sought a transfer into Internal Medicine at Mount Sinai under her former program director, Dr. Cilmi, welcomed the transfer idea and stated due to proper protocols, GME Dean Dr. Leitman and other leadership, needed to be involved to avoid any "blindsides." Plaintiff received glowing evaluations from Internal Medicine and excellent feedback. Dr. Cilmi also explained internal transfers happened all the time seamlessly. The transfer plan was inexplicably derailed the moment GME Dean, Dr. Leitman, became involved. Immediately thereafter, it is the Plaintiff's belief a torrent of false negative references began circulating, irrevocably tarnishing

Plaintiff's reputation within the medical community and sabotaging her standing with other programs. Other program directors have since required references from Fabian.

### Constructive Discharge (July 28, 2021)

The cumulative, relentless harassment—including overt threats, insidious microaggressions, being told to answer pages during doctor's visits, and the egregious demand to report for duty on a scooter with a swollen, crutch-bound foot—became utterly untenable.

While meetings with the Neurology Program Chair Vickrey yielded temporary, superficial fixes, Fabian's hostility only intensified. Fabian would then deflect, asserting that conversations Plaintiff referenced must have occurred with Vickrey, not with Fabian herself. Vickrey tried to get Plaintiff to stay within the program and not leave, and explained that Fabian "did not really mean" such things and suggested Fabian does not always communicate things well, gaslighting the Plaintiff. On July 28, 2021, Plaintiff was forced to resign under extreme duress, her health and career integrity irrevocably compromised by the hostile environment.

### Ongoing Reference-Smearing & Certificates Withheld (August 30, 2021–Present)

Despite explicit assurances of supportive references, Fabian has adamantly refused all reference-letter requests. It is unequivocally believed that she has actively disseminated false and damaging comments to programs Plaintiff has approached, creating an indelible "red flag" within the tightly knit Neurology community and severely impeding her future.

Furthermore, evaluations contained objectively false information with the intent to cause harm to Plaintiff's reputation. Plaintiff was accused of actions that had they occurred, would have resulted in immediate reprimanding and disciplinary action, none of which ever occurred.

Repeated requests for her Internal Medicine and Neurology completion certificates have been met with deliberate stonewalling: offices mysteriously "cannot locate" them, staff turnover is disingenuously blamed, etc., further obstructing her professional advancement.

**Request to Seal False Evaluations**

Nearly every negative evaluation appeared only after Plaintiff spoke out against the pervasive discrimination. She lodged both written and verbal complaints, yet no investigation was ever initiated. Instead, her workload and the harassment she endured intensified dramatically.

Plaintiff implores the Courts to immediately seal these spurious evaluations and expunge their contaminating influence, thereby preventing their continued obstruction of her ability to train and practice medicine. Fabian needs to under oath, truthfully explain her actions and records from Plaintiff's evaluations – if she cannot do so truthfully under oath, it needs to be expunged.

**Conclusion of Facts:**

Plaintiff was subjected to a deliberate, escalating, and pervasive pattern of severe race- and national-origin-based discrimination and retaliation, directly orchestrated by Program leadership. This malicious campaign culminated in her forced resignation, enduring professional devastation, and the deliberate obstruction of her essential certificates and references. She now urgently seeks the Court's immediate and decisive intervention to rectify her record, compel the issuance of her rightful certificates, and hold Mount Sinai fully accountable for its egregious misconduct.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/27/2023

To: 

Charge No: 16G-2022-02038

EEOC Representative and email:  TIMOTHY RIERA
Deputy Director
TIMOTHY.RIERA@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
06/27/2023

Timothy Riera
Acting District Director

**Cc:  Mount Sinai Morningside**
    **Attn: Legal Unit**
    **One Gustave L Levy Place**
    **Box 1099**
    **New York NY 10029**

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# Information Related to Filing Suit
# Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## Important Time Limits – 90 Days to file a Lawsuit

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## Attorney Representation

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## How to Request Your Charge File and 90-Day Time Limit for Requests

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16G-2022-02038 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.