UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                              Plaintiff,

                    -v-

THE MOUNT SINAI HOSPITAL,

                              Defendant.

25-CV-6171 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On July 25, 2025, Plaintiff filed a complaint against The Mount Sinai Hospital.  (ECF No. 1 ("Compl.").)  On the same day, Plaintiff moved for leave to proceed pseudonymously (ECF No. 3) and filed a declaration in support (ECF No. 4 ("Decl.")).

Plaintiff, who refers to herself as the pseudonym "Jane Doe" in her submissions, asserts claims of retaliation as well as race and national origin-based employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws.  (*See* Compl. at 3-4.)

Whatever the merits of Plaintiff's case, she is not entitled to proceed under a pseudonym. Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint.  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008).  Accordingly, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189.  Factors that the Second Circuit has identified as relevant to this balancing include the sensitivity of the litigation, the risk of harm, the plaintiff's unique circumstances, prejudice to the defendant, the public interest, and alternatives to

confidentiality.[1]  Because defendants always suffer some prejudice from being unable to

confront their accusers, and because "there is a strong presumption of public access" to "the

public forum of litigation," "pseudonyms are the exception and not the rule."  *Doe v. Intel Corp.*,

786 F. Supp. 3d. 576, 581, (S.D.N.Y. 2024) (cleaned up), *appeal dismissed*, No. 24-3330, 2025

WL 919026 (2d Cir. Feb. 24, 2025).

       Here, Plaintiff has failed to rebut the strong presumption of public access.  Plaintiff

contends that the disclosure of her identity "would likely result in irreparable harm, including

reputational damage, emotional distress, and significant interference with [her] ability to seek

and maintain future employment."  (Decl. at 3.)  She also states that she is "actively pursuing

career opportunities in a field where personal and professional integrity are paramount."  (*Id.*)

Under the relevant factors, however, "missed job opportunities . . . are no different from the

potential harms suffered by any unemployed plaintiff."  *Klein v. City of New York*, No. 10-CV-

9568, 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011).  Moreover, "[a] plaintiff's use of a

pseudonym is not justified by the mere fact that a case involves allegations of discrimination;

such a result would require a plaintiff's anonymity in every one of the countless discrimination

cases before this [c]ourt."  *Id.*; *see also Doe v. N.Y.C. Dep't of Educ.*, No. 23-CV-198, 2023 WL

5237520, at *2-5 (S.D.N.Y. Aug. 15, 2023) (denying motion to proceed under a pseudonym

where the plaintiff argued that "making her name public would put her future employment

prospects at immense risk because she feared developing a reputation associated with suing her

employer" (cleaned up)); *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220, 2018 WL

---

[1] The factors listed here are a condensed version of the original ten factors articulated in *Sealed Plaintiff*, 537 F.3d at 190.  However, the Second Circuit has been clear that "a district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion."  *Id.* at 191 n.4.

2021588, at *3 (S.D.N.Y. Apr. 27, 2018) ("At bottom, Plaintiff wants what most employment-discrimination plaintiffs would like: to sue their former employer without future employers knowing about it. But while that desire is understandable, our system of dispute resolution does not allow it."); *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) ("Although courts do sometimes grant requests for anonymity to protect 'privacy or confidentiality concerns' that are 'sufficiently critical,' courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." (citations omitted)).

Because Plaintiff's alleged harms are not sufficient to overcome the "strong presumption of public access," *Intel Corp.*, 786 F. Supp. 3d at 581 (citation and quotation marks omitted), her motion to proceed under a pseudonym is denied. Plaintiff shall file a letter within 14 days of the publication of this opinion indicating whether she intends to proceed using her real name. If she elects to proceed, her real name will be used in all future filings, she shall file an amended complaint using her real name within 14 days of her letter, and the Court will consider her other motions in due course.

The Clerk of Court is directed to terminate the motion at Docket Number 3.

SO ORDERED.

Dated: October 16, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge